UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity,<br><br>*Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE CAMERON SEXTON, in his individual capacity and in his official capacity as the Speaker of the Tennessee House of Representatives; TAMMY LETZLER, in her individual capacity and in her official capacity as the Chief Clerk for the Tennessee House of Representatives; BOBBY TROTTER, in his individual capacity and in his official capacity as the Chief Sergeant-at-Arms for the Tennessee House of Representatives; and DANIEL HICKS, in his individual capacity and in his official capacity as the Assistant Chief Clerk and Parliamentarian for the Tennessee House of Representatives,<br><br>*Defendants*. | Case No. 3:23-cv-01033<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss this Initial Case Management Order. In response to Plaintiff's Amended Complaint (Dkt. No. 26), Defendants have filed a motion to dismiss under Rule 12 based in part on assertions that Defendants are immune from suit (Dkt. No. 36).

In light of Defendants' asserted immunities, and to avoid any unnecessary disputes, the parties have agreed, and it is hereby ordered, that they will not engage in discovery until resolution of Defendants' motion to dismiss. By no later than 14 days after Judge Richardson resolves the motion to dismiss, if the case remains active in full or in part, Plaintiff's counsel shall move to reset the initial

case management conference. Counsel shall meet and confer regarding a calendar for the litigation and shall file a joint proposed amended initial case management order no later than three days before the rescheduled conference.

Notwithstanding this agreement, Plaintiff reserves the right to seek relief and any attendant discovery if or to the extent that he alleges that Defendants violate or seek to violate his constitutional rights during the legislative session scheduled to begin in January 2024.

The parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and Judge Eli J. Richardson, with the modifications necessary to reflect the parties' agreement and stay of discovery.

A. **JURISDICTION:** Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. *See* ECF 26 ¶ 14. Defendants dispute that the Court has jurisdiction. *See* ECF 36-1 at 6-11.

B. **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

Defendants have conducted an ongoing and targeted campaign to unconstitutionally silence Representative Jones merely for his outspoken dissent to the agenda and policies of House Speaker Defendant Sexton and his Republican House majority. This campaign of censorship and retribution has included, among other things, Representative Jones' unprecedented expulsion from the House in April 2023 and the institution of unconstitutional House rules that give Defendant Sexton and the House majority nearly unchecked power to silence those who disagree with them, power Defendants exercised on August 28, 2023 to silence Representative Jones and prevent him from bringing a motion of no confidence to the House floor challenging the Speaker's leadership. Defendants claim that they seek to protect the "legislative process," but what they in fact seek to protect is the essentially

2

boundless license they have taken in recent months to censure Representative Jones in plain violation of United States law and the Constitution. For example, "legislative process" cannot and does not allow the Speaker to silence Representative Jones or other elected officials from participating in debate on the basis of little more than arbitrary and unreviewable "out of order" rulings. Yet this is precisely the power that Defendant Sexton wields, in violation of the United States Constitution and federal and state law, and that Defendants now seek to shield from judicial review.

As alleged in Plaintiffs' Amended Complaint, and as Plaintiff will prove at trial, Defendants unlawfully expelled Representative Jones from the House in April 2023 in retaliation for his peaceful speech regarding gun violence against children, which lasted for fewer than ten minutes and was conducted in an orderly manner. Once Representative Jones was reinstated, and even reelected by his constituents, he was still denied the full scope of his position—and this continues to this day. Further, once the expulsion failed to silence Representative Jones, Defendants orchestrated adoption and enforcement of New House Rules during the August 2023 Special Session to again restrict his speech, violating his rights under both the Constitution of the United States and the State of Tennessee.

Representative Jones has standing to sue the Defendants as his injuries are traceable to and redressable by the Defendants. Plaintiff continues to suffer the consequences of the Defendants' anti-democratic censorship and retribution, which are continuing as the Tennessee House prepares to return to legislative session in January of 2024. The immunities that the Defendants assert do not apply to Plaintiff's claims, and the Defendants have not accurately described the relevant law. Plaintiff has sufficiently pled all of his claims, including that his protected speech was suppressed, which the Defendants have failed to address and which Plaintiff will show at trial.

**DEFENDANTS:**

This case cuts to the heart of legislative self-government and federalism. Plaintiff asserts that he has a constitutional right to disrupt legislative proceedings and speak on any topic at any time—

using a bullhorn if he wishes—contrary to the rules that apply to every other member of the Tennessee House of Representatives. He asks this Court to vindicate that alleged right by micromanaging the proceedings of the Tennessee House through a federal injunction. He has no such right to begin with, and his demand for a federal injunction controlling the internal operations of a state legislature violates the most basic principles of federalism, the separation of powers, and Article III jurisdiction.

Plaintiff's claims cannot proceed for several reasons. *First*, this Court lacks subject-matter jurisdiction. Plaintiff lacks standing, and sovereign immunity bars Plaintiff's claims. *Second*, all of Plaintiff's claims against all Defendants are independently barred by absolute legislative immunity, which protects legislators and legislative staff from lawsuits based on legislative activities—including adoption and enforcement of legislative rules. *Third*, Plaintiff's claims for damages are barred by qualified immunity, and Section 1983 does not provide for individual-capacity injunctive relief.

Even if Plaintiff's claims could proceed, they would all fail as a matter of law. Plaintiff's First Amendment claims fail because he has no constitutional right to speak in violation of House rules and no constitutional right to sit on any legislative committee. His vagueness claim fails because the rules simply are not vague. His due-process claims fail because he identifies no protected property interest and does not allege that he lacked adequate means of redress. His equal-protection claim fails because he was not treated differently from similarly situated individuals, and he alleges no facts to support a plausible inference of racial motivation. Finally, his bill-of-attainder claim fails under this Court's precedent.

### C. ISSUES RESOLVED:

Venue; deferral of discovery until resolution of Defendants' motion to dismiss, subject to Plaintiff's right to pursue relief and attendant discovery based on any alleged violation of his constitutional rights in the upcoming 2024 legislative session.

4

- **D. ISSUES STILL IN DISPUTE:** Jurisdiction; standing; immunity; liability; and relief.

  - <u>Jurisdiction:</u> Plaintiff asserts federal constitutional claims and therefore contends that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Defendants assert that this Court lacks jurisdiction because Plaintiff lacks standing to proceed against any named Defendant and because sovereign immunity deprives this Court of authority to adjudicate the asserted claims.

  - <u>Standing:</u> Plaintiff maintains that he has standing to bring all of the asserted claims against all Defendants listed in the Complaint. Defendants contend Plaintiff lacks standing to sue any of the named Defendants.

  - <u>Immunity:</u> Plaintiff asserts that Defendants are not immune from suit and that no immunity otherwise applies or protects Defendants from liability here. Defendants assert they are immune from suit as a result of sovereign immunity, absolute legislative immunity, and qualified immunity.

  - <u>Liability:</u> Plaintiff contends that Defendants violated the U.S. Constitution. Defendants maintain that their actions violated no constitutional rights.

  - <u>Relief:</u> The parties dispute the scope of the relief permitted or required, if any.

- **E. INITIAL DISCLOSURES:**

In light of the various immunity defenses asserted by Defendants, ==and subject to Plaintiff's right to pursue relief and attendant discovery based on any alleged violation of his constitutional rights during the 2024 House session==, the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss. Accordingly, initial disclosures are not yet scheduled as this deadline is based on the timing of the Fed. R. Civ. P 26(f) conference.

## F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, if it occurs, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

## G. DISCOVERY:

As indicated above, the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference.

6

Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

### H. MOTIONS TO AMEND OR TO ADD PARTIES:

Any motions to amend or to add parties shall be filed no later than one month after resolution of Defendants' motion to dismiss.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

### I. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:

As noted, the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

### J. NEXT CASE MANAGEMENT CONFERENCE:

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

### K. DISPOSITIVE MOTIONS:

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Because the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss, it would also be premature to set a deadline for dispositive motions at this time. Responses to dispositive motions shall be filed within 28 days after the filing of the motion unless otherwise ordered by the Court. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

### L. ELECTRONIC DISCOVERY:

Because the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss, it would also be premature to discuss

any anticipated electronic discovery. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it as a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

**M.     MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.     REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the

9

sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

Because the parties have agreed to postpone setting discovery deadlines and beginning discovery until after resolution of Defendants' motion to dismiss, it would also be premature to set a trial date at this time.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

10

Case 3:23-cv-01033    Document 41    Filed 12/20/23    Page 10 of 10 PageID #: 266