| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>REPRESENTATIVE CAMERON SEXTON, in his )<br>individual capacity and in his official capacity as the )<br>Speaker of the Tennessee House of Representatives; )<br>TAMMY LETZLER, in her individual capacity and )<br>in her official capacity as the Chief Clerk for the )<br>Tennessee House of Representatives; BOBBY )<br>TROTTER, in his individual capacity and in his )<br>official capacity as the Chief Sergeant-at-Arms for the )<br>Tennessee House of Representatives; and DANIEL )<br>HICKS, in his individual capacity and in his official )<br>capacity as the Assistant Chief Clerk and )<br>Parliamentarian for the Tennessee House of )<br>Representatives, )<br>)<br>*Defendants*. )<br>_____ ) | Case No. 3:23-cv-01033<br>Hon. Eli J. Richardson<br>Hon. Alistair E. Newbern |

# **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

Table of Authorities ..................................................................................................................... ii

Introduction ................................................................................................................................. 1

Argument .................................................................................................................................... 1

I.      Plaintiff's Claims Are Barred By Legislative Immunity. ................................................. 1

II.     This Court Lacks Subject-Matter Jurisdiction. ................................................................ 2

III.    Plaintiff's Claims Are Barred By Qualified Immunity. ................................................... 4

IV.    Plaintiff Fails To State A Claim On Which Relief May Be Granted. .............................. 5

Conclusion ................................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alia v. Mich. Sup. Ct.*,
   906 F.2d 1100 (6th Cir. 1990) ............................................................................................. 1

*Beck v. Hamblen Cnty.*,
   969 F.3d 592 (6th Cir. 2020) ............................................................................................... 4

*Brandon v. Holt*,
   469 U.S. 464 (1985) ............................................................................................................ 1

*Church v. Missouri*,
   913 F.3d 736 (8th Cir. 2019) ............................................................................................... 2

*City & Cnty. of San Francisco v. Sheehan*,
   575 U.S. 600 (2015) ............................................................................................................ 4

*Cushing v. Packard*,
   30 F.4th 27 (1st Cir. 2022) ............................................................................................ 1, 2

*Ex parte Young*,
   209 U.S. 123 (1908) ........................................................................................................ 3, 4

*Gamrat v. McBroom*,
   822 F. App'x 331 (6th Cir. 2020) ........................................................................................ 2

*Idaho v. Coeur d'Alene Tribe*,
   521 U.S. 261 (1997) ............................................................................................................ 3

*Kent v. Ohio House of Representatives Democratic Caucus*,
   33 F.4th 359 (6th Cir. 2022) ........................................................................................... 1, 2

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ............................................................................................................ 1

*Larsen v. Senate of Com. of Pa.*,
   152 F.3d 240 (3d Cir. 1998) ................................................................................................ 2

*Leach v. Shelby Cnty. Sheriff*,
   891 F.2d 1241 (6th Cir. 1989) ............................................................................................. 1

*Lewis v. Clarke*,
   581 U.S. 155 (2017) ............................................................................................................ 4

*Papasan v. Allain*,
    478 U.S. 265 (1986) ................................................................................................................. 4

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ................................................................................................................ 3, 4

*Risser v. Thompson*,
    930 F.2d 549 (7th Cir. 1991) ..................................................................................................... 2

*Scott v. Taylor*,
    405 F.3d 1251 (11th Cir. 2005) .................................................................................................. 2

*State Emps. Bargaining Agent Coal. v. Rowland*,
    494 F.3d 71 (2d Cir. 2007) ........................................................................................................ 2

*Sup. Ct. of Va. v. Consumers Union of U. S., Inc.*,
    446 U.S. 719 (1980) .............................................................................................................. 1, 2

*United States v. Johnson*,
    383 U.S. 169 (1966) ................................................................................................................. 2

*White v. City of Norwalk*,
    900 F.2d 1421 (9th Cir. 1990) ................................................................................................... 5

*Whitener v. McWatters*,
    112 F.3d 740 (4th Cir. 1997) ..................................................................................................... 2

# INTRODUCTION

Plaintiff's response ignores his own allegations, Defendants' arguments, and binding precedent. This Court has no jurisdiction over Plaintiff's claims, and Plaintiff has no right to relief in any event. His complaint should be dismissed in its entirety with prejudice.

# ARGUMENT

## I. Plaintiff's Claims Are Barred By Legislative Immunity.

Plaintiff does not dispute that legislative immunity protects legislators and legislative aides (which all Defendants are) from suit when they are performing legislative functions. But he resists the doctrine's application here by arguing that (1) legislative immunity applies only to individual-capacity claims and (2) legislative self-discipline is not a legislative function. Plaintiff is wrong on both counts.

*First*, Supreme Court precedent provides that legislative immunity bars both individual-capacity and official-capacity claims. In *Supreme Court of Virginia v. Consumers Union of U.S.*, the Court held that judges enjoyed legislative immunity for an official-capacity claim based on their legislative actions (namely, rulemaking). 446 U.S. 719, 734 (1980). The Court explained that legislative immunity "d[oes] not distinguish between actions for damages and those for prospective relief." *Id.* at 733. Its justification is "equally applicable" in both contexts. *Id.* at 732. This holding remains good law, as reinforced in subsequent opinions. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Cushing v. Packard*, 30 F.4th 27, 39 (1st Cir.) (en banc), *cert denied* 143 S. Ct. 308 (2022) (mem.) ("*Graham* itself seems to have recognized *Consumers Union*'s holding on this very point.").[1]

Following *Consumers Union*, the Sixth Circuit has held that "the immunity granted is immunity from suit and applies whether the relief sought is money damages or injunctive relief." *Alia v. Mich. Sup. Ct.*, 906 F.2d 1100, 1102 (6th Cir. 1990); *see Kent v. Ohio House of Representatives Democratic Caucus*,

---

[1] Plaintiff's reliance (at 10) on *Graham* is misplaced. So too for *Brandon v. Holt*, 469 U.S. 464 (1985), and *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), which don't discuss legislative immunity.

33 F.4th 359, 364 (6th Cir. 2022). This means that legislative immunity applies to individual- and official-capacity claims. Claims for injunctive relief against legislators for acts undertaken in their "legislative capacit[ies]," *Kent*, 33 F.4th at 364, are "of necessity against [those legislators] in their official capacities," *Larsen v. Senate of Com. of Pa.*, 152 F.3d 240, 254 n.4 (3d Cir. 1998). Other circuits agree.[2] Any other rule would gut legislative immunity. Claims asking courts to *enjoin* a legislative *office* are far more threatening to "the independence of the legislature" than claims seeking money from an individual. *United States v. Johnson*, 383 U.S. 169, 179 (1966). And they entail the same "impermissible questioning" and "diver[sion of] time and attention away from legislative duties." *Larsen*, 152 F.3d at 254. The immunity must be applied "broadly to effectuate its purposes." *Johnson*, 383 U.S. at 180.

*Second*, a legislature's promulgation and application of internal rules governing debate is a "core legislative act." *Whitener v. McWatters*, 112 F.3d 740, 741 (4th Cir. 1997); *see* MTD Mem. at 13-14. Any contrary holding would be an outlier—both in the Sixth Circuit and beyond. *See, e.g.*, *Kent*, 33 F.4th at 366; *Gamrat v. McBroom*, 822 F. App'x 331, 333 (6th Cir. 2020), *cert. denied sub nom. Bauer v. McBroom*, 141 S. Ct. 1700 (2021) (mem.); *Whitener*, 112 F.3d at 744. Discipline of legislators under legislative rules is not the type of external "enforcement" action the Court confronted in the portion of *Consumers Union* Plaintiff invokes. 446 U.S. at 736 (determining that "judicial immunity" did not apply to a court's initiation of disciplinary proceedings against attorneys). Rather, the application of legislative rules to manage legislative debate is plainly "'integral' to legislators' 'deliberative and communicative processes'" and therefore shielded by legislative immunity. *Kent*, 33 F.4th at 365 (citation omitted).

## II. This Court Lacks Subject-Matter Jurisdiction.

Plaintiff argues that (1) he has standing, and (2) sovereign immunity does not bar his official-

---

[2] *See Cushing*, 30 F.4th at 39; *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 87-88 (2d Cir. 2007); *Larsen*, 152 F.3d at 252-54; *Risser v. Thompson*, 930 F.2d 549, 551 (7th Cir. 1991); *Church v. Missouri*, 913 F.3d 736, 753 (8th Cir. 2019); *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005).

capacity claims. Once again, Plaintiff is mistaken.[3]

*First*, Plaintiff's standing argument ignores his allegations. He suggests (at 7) that Speaker Sexton "caused the violations of Plaintiff's rights in retaliation for his speech" and "enforce[ed] the unlawful New Rule 18." But Plaintiff alleges that he was expelled by a supermajority vote of the *entire House* and sanctioned under New Rule 18 by a majority vote of the *entire House*. *See* FAC ¶¶ 2, 48-49, 67, 74, 80-81, 174. These actions are traceable to the House, not to Speaker Sexton.[4] As for the remaining Defendants, Plaintiff has failed to plead any facts to support his claims against Defendants Hicks and Trotter. The paragraphs of the complaint cited in Plaintiff's response (at 8, citing FAC ¶¶ 11, 12, 38, 79) don't even mention Defendants. And Plaintiff alleges only that Defendant Letzler signed a letter and sent an email about committee assignments. FAC ¶¶ 35-36, 91. These actions did not cause Plaintiff's alleged injury, and a judgment against Defendant Letzler would not redress it.

*Second*, Plaintiff cannot overcome sovereign immunity. He does not dispute that the doctrine bars all official-capacity claims for retrospective relief. MTD Mem. at 10-11. This forecloses many of his requested remedies—including declaratory judgments as to the lawfulness of past conduct and restoration of rights previously denied. *See* FAC at 49-50 (Prayer for Relief); MTD Mem. at 11. And he cannot invoke *Ex parte Young*'s exception to overcome the bar against his claims for prospective relief, either. Plaintiff nominally sues state officials, but he asks this Court to control the internal operations of a branch of the state legislature. This is "in fact a suit against a State," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984), and Plaintiff cannot change that through the "mechanics of captions and pleading," *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 270 (1997). Plaintiff

---

[3] Plaintiff does not dispute that his state-law claims are barred by sovereign immunity. *See* MTD Mem. at 9. Nor does he dispute that the New Rules are no longer in effect, MTD Mem. at 8, so Defendants are not "substantially likely to continue violating his constitutional rights" through their enforcement, Resp. at 9 n.8.

[4] Plaintiff's complaints about committee assignments, though traceable to Speaker Sexton, are not sufficient to invoke this Court's jurisdiction or state a claim. *See infra* p.5.

3

asks this Court to prevent the Tennessee House, seemingly under any circumstances, from "punishing or in any way preventing Representative Jones in the future from speaking on the floor of the House." FAC at 49 (Prayer for Relief). And, as his repeated invocation of post-complaint events demonstrates, *see, e.g.*, Resp. at 3-4, 6 n.5, 10, 12, 23, he expects this Court to monitor and scrutinize legislative proceedings in real time.[5] Such relief would "conflict[] directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst*, 465 U.S. at 106.[6] Thus, even if this case "formally [met] the *Young* requirements," its application would "stretch that case too far and would upset the balance of federal and state interests that it embodies." *Papasan v. Allain*, 478 U.S. 265, 277 (1986).

**III.   Plaintiff's Claims Are Barred By Qualified Immunity.**

Plaintiff argues that the general rights "to speak on political or governmental issues," not to be "stripp[ed]" of benefits "without adequate due process," and not to "be subjected to racial discrimination" are clearly established, overcoming qualified immunity. Resp. at 17-19. But framing rights at such "a high level of generality" is not enough. *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015) (internal quotation marks and citation omitted). Rights must be identified "with a high degree of specificity" and "be particularized to the facts of the case." *Beck v. Hamblen Cnty.*, 969 F.3d 592, 599 (6th Cir. 2020) (cleaned up). Plaintiff cites no case establishing a particularized right of an individual legislator—under the First Amendment, Due Process Clause, or Equal Protection Clause—to speak during legislative proceedings in violation of the rules that apply to every other

---

[5]   If the Court takes judicial notice of the video Plaintiff cites (at 4 n.2), it will discover that he was not "censured," nor did Speaker Sexton prevent him from speaking. Representative John Ragan—not the Speaker—called Plaintiff to order, and the call to order was sustained by a vote of the entire House. The article Plaintiff cites (at 4 n.3) is not subject to judicial notice because *The Hill* is neither a public record nor appropriate for the taking of judicial notice.

[6]   Plaintiff's suggestion (at 13 n.11) that cases elaborating basic sovereign immunity principles in a federal context are "inapposite" ignores that the Supreme Court applies the same principles in "lawsuits against *state and federal* employees," *Lewis v. Clarke*, 581 U.S. 155, 161 (2017) (emphasis added), and looks to such cases as a guide in assessing state sovereign immunity, *e.g.*, *Pennhurst*, 465 U.S. at 101 n.11. *Pennhurst* is not inapt just because it elaborated these basic principles in a distinct factual context.

member. And, as explained below, even the generalized rights Plaintiff asserts were not violated.

**IV.     Plaintiff Fails To State A Claim On Which Relief May Be Granted.**

**First Amendment.** Plaintiff acknowledges that the Legislature is a "unique setting," Resp. at 21 (citation omitted), but he ignores that "[p]rinciples that apply to random discourse may not be transferred without adjustment," *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990). He has no response to the proposition that the First Amendment does not forbid a public body to "limit speech to a certain topic." MTD Mem. at 18 (citation omitted). And his allegations show he was disciplined for violating legislative rules, not for the content of his speech. *See* MTD Mem. at 17.

**Vagueness.** Plaintiff fails to identify particular language that is vague. Resp. at 22-23. He does not dispute that New Rule 2 was never applied against him. MTD Mem. at 17. And he fails to acknowledge that enforcement of New Rule 18 required a majority vote of the House. FAC ¶¶ 67, 74.

**Due Process.** Plaintiff cites no authority giving him "a *vested* property interest," MTD Mem. at 21 (emphasis added) (citation omitted), in legislative service, committee assignments, or health and seniority benefits. His response raises doubt whether he was even denied such "rights and interests." Resp. at 23. And he does not explain how existing procedures were inadequate. *See* MTD. Mem. at 22.

**Equal Protection.** Plaintiff was not similarly situated to Representative Johnson—who did not use a bullhorn or shout from the podium—and was not treated disparately by Speaker Sexton—who voted to expel Representative Johnson, too. *See* MTD Mem. at 23.[7] Plaintiff has no response.

**Bill of Attainder.** Plaintiff makes no effort to defend his bill-of-attainder claim, which fails as a matter of law. *See* MTD Mem. at 23-24.

## CONCLUSION

Plaintiff's complaint should be dismissed in its entirety with prejudice.

---

[7]     Plaintiff has abandoned reliance on Representative Freeman's treatment. MTD Mem. at 22.

5

| | |
|---|---|
| Dated: January 22, 2024 | Respectfully submitted. |
| TODD DISHER* <br> MATTHEW H. FREDERICK* <br> Lehotsky Keller Cohn LLP <br> 408 W. 11th Street, 5th Floor <br> Austin, TX 78701 <br> (512) 693-8350 <br> todd@lkcfirm.com <br> matt@lkcfirm.com <br><br> SHANNON GRAMMEL* <br> Lehotsky Keller Cohn LLP <br> 200 Massachusetts Avenue, NW, Suite 700 <br> Washington, DC 20001 <br> shannon@lkcfirm.com <br><br> * admitted pro hac vice | JONATHAN SKRMETTI (BPR #031551) <br> Attorney General and Reporter <br><br> */s/ Whitney D. Hermandorfer* <br> WHITNEY D. HERMANDORFER (BPR #041054) <br> Director of Strategic Litigation <br> Office of the Tennessee Attorney General and Reporter <br> P.O. Box 20207 <br> Nashville, Tennessee 37202 <br> (615) 741-3491 <br> whitney.hermandorfer@ag.tn.gov <br><br> *Counsel for Defendants Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks* |

6

# CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of January 2024, I filed the foregoing electronically through the Court's CM/ECF System and thereby served the following:

David W. Garrison
Jerry E. Martin
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
(615) 244-2202
Fax: (615) 252-3798
Email: dgarrison@barrettjohnston.com
jmartin@barrettjohnston.com
stift@barrettjohnston.com

C. William Phillips
Covington & Burling, LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
Email: cphillips@cov.com

R. Gregory Rubio
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5237
Fax: (202) 778-5237
Email: grubio@cov.com

*Counsel for Plaintiff*
*Representative Justin Jones*

Whitney D. Hermandorfer
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Email: whitney.hermandorfer@ag.tn.gov

Todd Disher*
Matthew H. Frederick*
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
Email: todd@lkcfirm.com
matt@lkcfirm.com

Shannon Grammel*
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Email: shannon@lkcfirm.com

* *admitted pro hac vice*

*Counsel for Defendants*
*Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*

                                          */s/ Whitney D. Hermandorfer*
                                          Whitney D. Hermandorfer