UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity,<br><br>    *Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE CAMERON SEXTON, in his individual capacity and in his official capacity as the Speaker of the Tennessee House of Representatives; TAMMY LETZLER, in her individual capacity and in her official capacity as the Chief Clerk for the Tennessee House of Representatives; BOBBY TROTTER, in his individual capacity and in his official capacity as the Chief Sergeant-at-Arms for the Tennessee House of Representatives; and DANIEL HICKS, in his individual capacity and in his official capacity as the Assistant Chief Clerk and Parliamentarian for the Tennessee House of Representatives,<br><br>    *Defendants*. | Case No. 3:23-cv-01033<br>Hon. Eli J. Richardson |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff's motion should be denied. Sur-replies may be granted in limited circumstances, when the moving party "would be unable to contest matters presented to the court *for the first time* in the opposing party's reply." *Kivilaan v. Am. Airlines, Inc.*, No. 3:04-0814, 2008 WL 11390792, at *1 (M.D. Tenn. Oct. 17, 2008) (quoting *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002)). That is not the case here because neither matter Plaintiff identifies was presented for the first time in Defendants' reply. The first matter—concerning the scope of legislative immunity—was presented clearly in Defendants' motion and addressed at length in Plaintiff's response. The second matter—involving improperly raised, unpleaded factual allegations about the 2024 legislative session—was raised for the first time in Plaintiff's response and addressed in Defendants' reply. Defendants addressed both arguments at their earliest opportunity, and Plaintiff had every opportunity to brief them. Plaintiff's wish to have the last word is not a valid basis for leave to file a sur-reply.

I. **Legislative Immunity**

Plaintiff argues that Defendants' legislative-immunity argument was made "in full for the first time" in their reply and "only suggested in a footnote" in their motion. Mot. for Leave at 1. Plaintiff is mistaken. In their motion to dismiss, Defendants argued that the complaint should "be dismissed because all of Plaintiff's claims against all Defendants are barred by absolute legislative immunity." MTD Mem. at 12. Defendants' legislative-immunity argument spanned more than three pages, *see id.* at 12-15; it cited *Supreme Court of Virgina v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 733 (1980), among other cases, *see* MTD Mem. at 12 nn.15-16, 14; and it plainly contended that legislative immunity applies to all claims based on "legislative acts," *id.* at 12 (quoting *Kent v. Ohio House of Representatives Democratic Caucus*, 33 F.4th 359, 360 (6th Cir. 2022)), and "all actions taken 'in the sphere of legitimate legislative activity,'" *id.* (quoting *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)).

This provided more than sufficient notice of Defendants' legislative-immunity argument, as Plaintiff's response demonstrates. On pages 10, 11, and 14 of his opposition brief, Plaintiff made the

1

same argument he makes in his sur-reply: that legislative immunity "cannot apply to 'official capacity' claims." Resp. at 10; *see also id.* at 11 (arguing that legislative immunity does not "defeat Plaintiff's 'official capacity' claims"); *id.* at 14 (arguing that legislative and qualified immunity "cannot apply to Plaintiff's official capacity claims"). That argument is incorrect, *see* Reply at 1-2, but it shows that Plaintiff had notice of Defendants' position on legislative immunity and the opportunity to address it, which he did.[1] This proves that the matter was not raised for the first time in Defendants' reply and that there is no basis for a sur-reply.

## II.     New Factual Allegations

Plaintiff is also wrong to argue that Defendants' reply made "a new and unfounded argument regarding Plaintiff's reference to events occurring during the first week of the 2024 legislative session."

---

[1]   Despite making a second attempt to attack Defendants' legislative immunity, Plaintiff's proposed sur-reply does not even address the substantial body of authority recognizing the Supreme Court's holding in *Consumers Union*, 446 U.S. at 731-34, and rejecting the very argument Plaintiff raises here, *see Cushing v. Packard*, 30 F.4th 27, 39-40 (1st Cir.) (en banc), *cert denied* 143 S. Ct. 308 (2022) (mem.) (rejecting the argument that a state official, "sued in his official capacity, cannot assert legislative immunity, notwithstanding what *Consumers Union* says on that score"); *see also* Reply at 1-2 & n.2. One of the cases he cites, *Kentucky v. Graham*, 473 U.S. 159, 164 (1985), expressly states that *Consumers Union* involved claims against "the Virginia Supreme Court and its chief justice in his official capacity" and "held that absolute legislative immunity shielded these defendants for acts taken in their legislative capacity." *Graham* thus "seems to have recognized *Consumers Union*'s holding on this very point." *Cushing*, 30 F.4th at 39.

By contrast, none of the cases cited in Plaintiff's proposed sur-reply hold that state legislators cannot assert legislative immunity in both their official and individual capacities. *Lewis v. Clarke*, 581 U.S. 155, 163 (2017) (holding that tribal sovereign immunity did not apply to tort claims against a tribal member in his individual capacity); *Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668 (1996) (addressing First Amendment claims arising from the board of county commissioner's termination of a garbage-disposal contract); *Benison v. Ross*, 765 F.3d 649, 665 (6th Cir. 2014) (holding that qualified immunity applies only to claims for damages against officials in their individual capacities); *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197 (6th Cir. 2011) (en banc) (considering establishment and due-process claims under the state and federal constitutions against county school board and its members based on closure of public alternative school); *Hall v. Tollett*, 128 F.3d 418, 430 (6th Cir. 1997) (holding that county sheriff was entitled to qualified immunity only in his individual capacity); *see also Alia v. Mich. Sup. Ct.*, 906 F.2d 1100, 1101-02 (6th Cir. 1990) (holding that Michigan Supreme Court justices were entitled to legislative immunity for acts in their legislative capacity and that legislative immunity "applies whether the relief sought is money damages or injunctive relief").

2

Mot. for Leave at 2. Allegations about the 2024 legislative session were made for the first time in Plaintiff's response. *See* Resp. at 3-4, 6 n.5, 10, 12, 23. Defendants addressed Plaintiffs' improperly raised new allegations as soon as they could—in their reply. *See* Reply at 4 n.5. Plaintiff's complaint that these allegations were "not addressed plainly in [Defendants'] original motion to dismiss," Mot. for Leave at 2, is therefore disingenuous. Defendants did not address Plaintiff's new allegations in their original motion to dismiss (filed on December 8, 2023) because Plaintiff had not made them yet; the 2024 legislative session had not even begun. Defendants addressed Plaintiff's allegations at their first opportunity. That did nothing to prevent Plaintiff from addressing the issue, and it does not give Plaintiff any basis to file a sur-reply.

## CONCLUSION

Plaintiff's motion for leave to file a sur-reply should be denied.

Dated: February 2, 2024

Respectfully submitted.

TODD DISHER*
MATTHEW H. FREDERICK*
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
todd@lkcfirm.com
matt@lkcfirm.com

SHANNON GRAMMEL*
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
shannon@lkcfirm.com

* *admitted pro hac vice*

JONATHAN SKRMETTI (BPR #031551)
Attorney General and Reporter

/s/ *Whitney D. Hermandorfer*
WHITNEY D. HERMANDORFER (BPR #041054)
Director of Strategic Litigation
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-3491
whitney.hermandorfer@ag.tn.gov

*Counsel for Defendants Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*

# CERTIFICATE OF SERVICE

       I hereby certify that on the 2nd day of February 2024, I filed the foregoing electronically through the Court's CM/ECF System and thereby served the following:

David W. Garrison
Jerry E. Martin
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
615-244-2202
Fax: 615-252-3798
Email: dgarrison@barrettjohnston.com
jmartin@barrettjohnston.com
stift@barrettjohnston.com

C. William Phillips
Covington & Burling, LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
Email: cphillips@cov.com

R. Gregory Rubio
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5237
Fax: (202) 778-5237
Email: grubio@cov.com

*Counsel for Plaintiff*
*Representative Justin Jones*

Whitney D. Hermandorfer
Office of the Tennessee Attorney General and
   Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Email: whitney.hermandorfer@ag.tn.gov

Todd Disher*
Matthew H. Frederick*
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
Email: todd@lkcfirm.com
matt@lkcfirm.com

Shannon Grammel*
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Email: shannon@lkcfirm.com

* *admitted pro hac vice*

*Counsel for Defendants*
*Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*

                                              */s/ Whitney D. Hermandorfer*
                                              Whitney D. Hermandorfer