IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENATIVE JUSTIN JONES, in his personal capacity,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>    Defendants. | Case No. 3:23-cv-01033<br><br>JUDGE RICHARDSON |

## ORDER

Pending before the Court is Plaintiff's motion (Doc. No. 44, "Motion") for leave to file a sur-reply in opposition to the motion to dismiss (Doc. No. 36, "Motion to Dismiss") filed by Defendants together with a memorandum in support (Doc. No. 36-1, "Brief in Support of Motion to Dismiss") on December 8, 2023.[1] Via the Motion, Plaintiff seeks leave from the Court to file a three-page sur-reply to Defendants' Reply. Defendants have filed a response (Doc. No. 45, "Response") in opposition to the Motion.

"Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

Plaintiff argues that he should be granted leave to file a sur-reply because Defendants raise two arguments in full for the first time in their Reply: (1) that Defendants' asserted absolute

---

[1] Plaintiff filed a response in opposition to Defendants' Motion to Dismiss (Doc. No. 42, "Response to the Motion to Dismiss"), to which Defendants filed a reply (Doc. No. 43, "Reply").

legislative immunity defense applies to and bars Plaintiff's official capacity claims,[2] and (2) an argument regarding Plaintiff's reference (made in his Response to the Motion to Dismiss) to events that occurred during the first week of the 2024 legislative session. (Doc. No. 44 at 1-2).

With respect to Defendants' legislative immunity defense, both Defendants' Brief in Support of Motion to Dismiss and Plaintiff's Response to the Motion to Dismiss belie Plaintiff's assertion that Defendants raised their legislative immunity defense to Plaintiff's official capacity claims for the first time in their Reply. In their Brief in Support of the Motion to Dismiss, Defendants clearly take the position that legislative immunity bars *all* of Plaintiff's claims. (Doc. No. 36-1 at 21) (emphasis added) ("The complaint should also be dismissed because *all of Plaintiff's claims against all Defendants* are barred by absolute legislative immunity."); (*Id*.) (emphasis added) ("Legislative immunity bars *all of Plaintiff's claims* here because Defendants' alleged acts were part of a core legislative function."). These unequivocal statements are more than sufficient to have put Plaintiff on notice of Defendants' position that legislative immunity bars *all* of Plaintiff's claims, rather than only claims against Defendants in their individual capacities. And contrary to his assertions made in the Motion, it appears from Plaintiff's Response to the Motion to Dismiss that he in fact was aware that this was Defendants' position at the time he filed his Response to the Motion to Dismiss. (*See* Doc. No. 42 at 10) ("As an initial matter, even if Defendants had a valid claim to sovereign immunity, the defense at most applies only to Plaintiff's 'official capacity' claims against Defendants, whereas Defendants' asserted personal immunities (the so-called 'absolute legislative immunity' and 'qualified immunity') only apply to or defeat Plaintiff's 'individual capacity' claims."); (*Id*. at 11) ("Defendants' claim that their legislative immunity defense defeat Plaintiff's "official capacity" claims, . . . is contrary to clear and

---

[2] Plaintiff asserts this argument was "only suggested in a footnote" in Defendants' Motion to Dismiss.

controlling authority."); (*Id*. at 14) ("[A]s a matter of law, [absolute legislative immunity and qualified immunity] cannot apply to Plaintiff's official capacity claims[.]") Plaintiff is more than entitled to take the position—as he does in his Response to the Motion to Dismiss—that legislative immunity bars at most only Plaintiff's individual capacity claims. However, Plaintiff cannot credibly assert that he should now be granted additional briefing to argue further in support of this position on the purported basis that Defendants raised this point for the first time in their Reply.

That leaves Plaintiff's assertion that he needs a sur-reply to respond to Defendants' argument (raised for the first time in Defendants' Reply) about events that occurred during the first week of the 2024 legislative session ("the 2024 events"). But as Defendants point out, Defendants raised this argument at their first opportunity to do so once the issue was raised by Plaintiff, this argument not having previously been an argument that Defendants should have been *expected to raise*;[3] specifically, Defendants first raised this argument in response to allegations made by Plaintiff[4] in his Response to the Motion to Dismiss. Although arguments raised for the first time in reply briefs "are generally not considered because such a practice deprives the non-moving party of its opportunity to address the new arguments," *see G.C. ex rel. Johnson v. Wyndham Hotels & Resorts, LLC*, 829 F. Supp. 2d 609, 614 (M.D. Tenn. 2011) (quoting *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 3211677, at *3 (W.D. Tenn. Aug. 10, 2010)), "*some* arguments are appropriately considered even if first raised in the movant's reply." *Archambeault v. Wyndham Vacation Ownership, Inc.*, No. 3:20-CV-01044, 2021 WL 6496827, at *5, n.14 (M.D. Tenn. July 14, 2021). "Specifically, such an argument can (and should) be considered if it was raised in the

---

[3] The events giving rise to the allegations made in Plaintiff's Response to the Motion to Dismiss did not even occur until over a month after Defendants filed their Motion to Dismiss.

[4] At this time, the Court does not take a position one way or another as to whether it will take judicial notice of the 2024 events described by Plaintiff in his Response to the Motion to Dismiss, as Plaintiff requests.

non-movant's response to the motion, regarding an issue that the movant in all fairness should not have been expected to raise in its initial brief (since, after all, a movant is not required, and generally is not allowed sufficient briefing pages, to make a pre-emptive argument against every single point that might be made in the non-movant's response)." *Id*.

In summary, Defendants' argument regarding the 2024 events was raised at its earliest opportunity to do so after the issue (not being something that Defendants reasonably should have been expected to address earlier, in their Brief in Support of the Motion to Dismiss) was raised (in Plaintiff's Response to the Motion to Dismiss). Thus, the fact that Defendants' argument was raised for the first time in their Reply is not a basis for granting Plaintiff leave to file a sur-reply.

Therefore, the Motion (Doc. No. 44) is DENIED. In ruling on the pending Motion to Dismiss (Doc. No. 36), the Court will not consider Plaintiff's sur-reply filed at Doc. No. 44-1.[5]

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] The undersigned is aware that he may have taken more time in explaining his denial of the Motion than he would have taken to consider the arguments in the proposed sur-reply. The undersigned does not begrudge Plaintiff his desire for leave to file a sur-reply, but (at least where such leave is opposed, and unless and until this Court's local rules or the Federal Rules of Civil Procedure are amended to make sur-replies much more routine), the Court is constrained not to treat such relief as warranted in a particular case merely because it has been requested.

Relatedly, the undersigned notes that he is not inclined to grant a motion to accept a filing merely because the proposed filing itself has been filed (as an attachment to the motion). The undersigned does not hold a view along the lines of, "well, it has already been filed anyway, so what the heck, I will just go ahead and accept it for filing." The questionable (albeit not clearly improper) tactic of filing something that requires permission to be accepted for filing does not guarantee the success of a contemporaneous motion to obtain such permission.

There is a reason why briefing is presumptively cut off after the reply. The alternative, given litigants' natural desire to have the last word, could be multiple additional rounds of briefing: a sur-reply, a sur-sur reply, and so on. In this case, Plaintiff does not overcome that presumption.