# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **REPRESENTATIVE JUSTIN JONES**, in his personal capacity,<br><br>*Plaintiff*<br><br>v.<br><br>**REPRESENTATIVE CAMERON SEXTON**, in his individual capacity and in his official capacity as the Speaker of the Tennessee House of Representatives; **TAMMY LETZLER**, in her individual capacity and in her official capacity as the Chief Clerk for the Tennessee House of Representatives; **BOBBY TROTTER**, in his individual capacity and in his official capacity as the Chief Sergeant-at-Arms for the Tennessee House of Representatives; and **DANIEL HICKS**, in his individual capacity and in his official capacity as the Assistant Chief Clerk and Parliamentarian for the Tennessee House of Representatives,<br><br>*Defendants*. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Case No. 3:23-cv-01033<br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
## TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

### I.  Introduction

Plaintiff respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(d) for leave to file a Supplemental and Amended Complaint to add necessary factual allegations of ongoing misconduct and harassment by Defendants that has occurred since Plaintiff filed his First Amended Complaint in November 2023.  These additional allegations provide further

support for Plaintiff's causes of action, in particular to show the continuing and ongoing nature of the violations of Representative Jones' constitutional rights by Defendant Sexton and others.

In particular, these further allegations show that Defendant Sexton has continued his unconstitutional efforts to silence Plaintiff Jones through the abuse of his power as Speaker of the House throughout the recently concluded 2024 legislative session of the Tennessee House of Representatives (the "2024 House Legislative Session").  Plaintiff's Supplemental and Amended Complaint, which Plaintiff seeks to file in order to address these recent events, is the proper and appropriate means to ensure that these significant recent events are part of Plaintiff's claims. Given this, and because it does not prejudice Defendants, Plaintiff's motion should be granted.

## II.    Background

Plaintiff brings this action to remedy past and ongoing harms under the U.S. and Tennessee constitutions, starting with his unlawful expulsion from the Tennessee House of Representatives through this day.  As alleged in Plaintiff's First Amended Complaint, on April 6, 2023, following a pretextual hearing, the House expelled Plaintiff in retaliation for exercising his right to free speech by speaking out against the House's failure to deal with gun violence.  *See* First Amend. Compl. at ¶23 et seq. (ECF 26.)  Thereafter, following Plaintiff's landslide re-election in an August 2023 Special Election, Defendant Sexton and his Republican House supermajority continued to target and to harass Plaintiff with pretextual procedural rulings to prevent him from speaking throughout the August 2023 Special Legislative Session called by Governor Bill Lee.  *See id.* at ¶63 et seq.

Plaintiff commenced this action thereafter, seeking declaratory, injunctive and other relief to address Defendants' repeated and multiple violations of his constitutional rights and, most importantly, to prevent the ongoing and continuing violation of his rights in future legislative

sessions as he continues to represent his constituents.  On December 8, 2023, Defendants moved to dismiss Plaintiff's First Amended Complaint on asserted grounds of sovereign and other claimed immunities, among other defenses.  (ECF No. 40.)  Plaintiff has opposed Defendants' motion on multiple grounds, including specifically that Defendants' alleged sovereign immunity defense does not and cannot bar Plaintiff's claim to enjoin Defendants' ongoing and continuing constitutional violations.  (ECF No. 42.)  Defendants' motion to dismiss is currently pending.

Defendant Sexton's unconstitutional efforts and violations of Plaintiff's constitutional rights did not end in 2023.  Instead, the events of the 2024 House Legislative Session, which ran from January 9, 2024 through April 25, 2024 prove that Defendant Sexton's violations and attacks on Representative Jones continued, and in many ways increased, during the 2024 Session.  Specifically, after passing another set of new rules to govern the 2024 Session, Defendant Sexton has repeatedly used those rules to target, censure, and silence Representative Jones at every turn.

Defendant Sexton has, for example, repeatedly used pretextual "out of order" rulings to single out Representative Jones, including to prevent him from speaking during legislative session for periods of up to two days, when no other Representative has been similarly silenced by Defendant Sexton.  Enforcement of these rules has been inequitable:  Where multiple representatives from both sides of the aisle were involved in the same conduct, only Representative Jones was punished.  Defendant Sexton has also consistently silenced Representative Jones by refusing to recognize and call on him in debate, regardless of how long his hand was raised or whether he raised it before others.  In at least one instance, his hand was in the air for hours, but he was never recognized to speak.

3

Defendants have otherwise abused their powers to attack Representative Jones, including a variety of tactics, such as direct verbal threats of violence and manipulation of the press, to force him to resign. By this Supplemental and Amended Complaint, Representative Jones seeks to add these allegations of Defendants' continuing and ongoing violations to his claims.

## III.    Argument

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "The granting of a motion to file a supplemental pleading is within the discretion of the trial court and, as a general rule, applications for leave to file a supplemental pleading are normally granted." *Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352, at *1 (M.D. Tenn. Dec. 4, 2009) (citing *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D.Tenn.1999) and *Bromley v. Michigan Education Ass'n-NEA*, 178 F.R.D. 148, 153-54 (E.D.Mich.1998)). Consistent with this, courts in this district have routinely acknowledged that a Rule 15(d) Supplemental and Amended Complaint is the proper and appropriate procedural vehicle to ensure that events relevant to a plaintiff's claims that occur after the filing of the complaint are part of the lawsuit. *See Adams & Boyle, P.C. v. Slatery*, 455 F. Supp. 3d 619, 625–26 (M.D. Tenn. 2020) (granting motion for leave to file supplemental complaint and noting that "as a general rule, applications for leave to file a supplemental pleading are normally granted"); *Brian A.*, 2009 WL 4730352 at *[1].

"In considering whether to allow a plaintiff to amend or supplement its complaint, the district court should consider the following factors: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory

4

motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile." *Bromley*, 178 F.R.D. at 154 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) and *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990)). Critically, in cases where, as here, "the original pleading placed the defendant[s] on notice that the disputed conduct was of a continuing nature, the supplemental complaint should be allowed." *Id.* (citing *Bromley*, 178 F.R.D. at 154); *see also McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir. 1959) ("Since the [Defendants' actions may be considered continuous], the recital of what has occurred since the filing of the action is not untimely. Under such circumstances amendments should be allowed almost as a matter of course.") (citing *Latham v. Richards*, 22 N.Y. Sup. Ct. 129 (N.Y. Sup. Ct. 1878)).

Here, each factor plainly weighs in favor of allowing Plaintiff to file the Supplemental and Amended Complaint to ensure that all events and facts relating to Defendants' ongoing violations of Plaintiff's constitutional rights are properly before the Court. Far from any undue delay, Plaintiff seeks to supplement and amend his complaint in a timely fashion, *i.e.*, promptly after the end of the 2024 House Session, to include allegations regarding the ongoing abuses and violations of Plaintiff's rights that occurred during this recent Session. Moreover, and critically, there has been ample notice to Defendants, as Plaintiff's pleadings to date have consistently alleged that Defendants' unconstitutional actions are continuous in nature. *See, e.g.,* First Amended Complaint at ¶112 (ECF 26.) ("Defendants intend to make or threaten to make ongoing use of the New Rules, or similar rules, to prevent and silence Representative Jones from speaking on issues germane to the business of the House for which he was elected to represent

the citizens of the 52nd District.").  This factor alone means that "the supplemental complaint should be allowed."  *Bromley*, 178 F.R.D. at 154.

Plaintiff is not acting in bad faith or with any dilatory motive.  To the contrary, Plaintiff eagerly seeks his day in court and is thus anxious for the resolution of the currently pending motion to dismiss in order to commence discovery into the facts surrounding the events as alleged.  It is, however, necessary and indeed critical that all relevant events that form part of Defendants' ongoing abuse of Representative Jones' constitutional right to speak and fully to represent his constituents be included in and considered as part of his lawsuit, requiring the Supplemental and Amended Complaint and this motion.  Nor are there any concerns here that Plaintiff has failed to cure deficiencies by prior amendments or that this supplement would be futile.  As previously briefed in the Plaintiff's Motion to Dismiss Opposition, Plaintiff's claims as alleged are neither moot nor impermissibly speculative.  Defendants' recent conduct demonstrates a continued, pervasive, and ongoing effort by Defendant Sexton to deny Representative Jones' constitutional rights.  Particularly given the relevance of these new allegations to Plaintiff's right to enjoin Defendants' ongoing constitutional violations, justice and judicial efficiency require that this Court evaluate all relevant evidence of Plaintiff's claims, including these new factual allegations through this supplemental pleading.  *See Bredesen*, 2009 WL 4730352, at *1 ("[A supplemental pleading] is a tool of judicial economy and convenience which serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.") (internal citations omitted).

Finally, there is no prejudice to the Defendants by so supplementing and amending the complaint—no new Defendants are added, nor does the Supplemental and Amended Complaint seek to add new claims.  Defendants certainly cannot fairly claim surprise or delay, given that the

proposed supplement merely documents and alleges their own actions, and those actions were ongoing through late April. Nor is there any prejudice otherwise that certainly outweighs Plaintiff's right to update his claims to reflect Defendants' further constitutional violations as he seeks to do here. The supplements are not motivated by bad faith or delay and are not futile. To the contrary, this supplement is equitable and necessary because it ensures that the Complaint contains up to date allegations and affords the parties "as complete an adjudication of the dispute between the parties as possible."

Plaintiff's Supplemental and Amended Complaint seeks to ensure a full and fair hearing of his claims. It is timely and does not prejudice Defendants. Plaintiff's motion and leave to file his Supplemental and Amended Complaint satisfy the permissive standard under Rule 15(d) and this motion should be granted by the Court.

Dated: July 2, 2024                    Respectfully submitted:


                              _/s/ R. Gregory Rubio_____

                              Jerry E. Martin (TNBPR No. 20193)
                              David W. Garrison (TNBPR No. 024968)
                              Scott P. Tift (TNBPR No. 027592)
                              Barrett Johnston Martin & Garrison, PLLC
                              200 31st Ave. N
                              Nashville, TN 37203
                              (615) 244-2202
                              jmartin@barrettjohnston.com
                              shyatt@barrettjohnston.com

                              R. Gregory Rubio (pro hac vice)
                              Covington & Burling, LLP
                              One CityCenter
                              850 10th St. NW
                              Washington D.C., 20001
                              (202) 662-5237
                              grubio@cov.com

7

C. William Phillips (pro hac vice)
Covington & Burling LLP
620 8th Avenue
New York, NY 10018
(212) 841-1081
cphillips@cov.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing *Memorandum of Points and Authorities* has been served on the following counsel via the Court's CM/ECF email notification system on this the second day of July, 2024:

Whiteney Hermandorfer
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
whitney.hermandorfer@ag.tn.gov


Matthew H. Frederick
Todd Disher
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
matt@lkcfirm.com
todd@lkcfirm.com

Shannon Grammel
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW
Suite 700
Washington, D.C., 20001
(270) 498-5375
shannon@lkcfirm.com

*Attorneys for all Defendants*


  /s/ R. Gregory Rubio

R. Gregory Rubio (pro hac vice)
Covington & Burling, LLP
One CityCenter
850 10th St. NW
Washington D.C., 20001
(202) 662-5237
grubio@cov.com

9