UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE et al.,<br><br>Defendants. | Case No. 3:23-cv-01033<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 and Tennessee law arises out of events that took place in the Tennessee General Assembly. (Doc. No. 26.) Plaintiff Representative Justin Jones has filed a motion for leave to file a supplemental and amended complaint under Federal Rule of Civil Procedure 15(d). (Doc. No. 47.) Defendants Representatives Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks oppose Jones's motion (Doc. No. 49), and Jones has filed a reply (Doc. No. 50). For the reasons that follow, Jones's motion for leave to file a supplemental and amended complaint will be granted.

**I.      Relevant Background**

Jones represents "District 52, located in east, south, and southeast Nashville and Davidson County" in the Tennessee House of Representatives. (Doc. No. 26, PageID# 119, ¶ 7.) Jones initiated this action on October 2, 2023 (Doc. No. 1) and filed an amended complaint with the defendants' written consent on November 3, 2023 (Doc. No. 26). The amended complaint, which is the operative pleading, alleges that the defendants unlawfully expelled Jones from the House of Representatives on April 6, 2023, in retaliation for Jones's protest and speech regarding gun

violence and gun control legislation on March 30, 2023. (Doc. No. 26.) The Metropolitan Council of Nashville and Davidson County voted to reinstate Jones as House District 52 Representative on April 10, 2023, and Jones won re-election in a special election held on August 3, 2023. (*Id.*) Jones alleges that, even after his re-election, the defendants have "continued to deny [him] his constitutionally protected rights to speak in the House and to represent his constituents." (*Id.* at PageID# 118, ¶ 5.) For example, Jones alleges that "Sexton imposed and abused new draconian and unconstitutional procedural rules . . . to enable his ability to silence [ ] Jones and to prevent [Jones] from participating in House debates." (*Id.*) The amended complaint asserts claims against the defendants in their individual and official capacities for violating Jones's federal and state constitutional rights to freedom of speech, due process, equal protection, and freedom from bills of attainder. (Doc. No. 26.) Jones seeks declaratory, injunctive, and monetary relief. (*Id.*)

On December 8, 2023, the defendants moved to dismiss Jones's amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state claims on which relief can be granted. (Doc. No. 36.) The defendants argue that they are entitled to dismissal under Rule 12(b)(1) because Jones lacks standing to pursue his claims; the doctrine of sovereign immunity bars Jones's state law claims and his official-capacity claims; and the doctrines of legislative and qualified immunity bar Jones's individual-capacity claims. (Doc. No. 36-1.) Alternatively, the defendants argue that they are entitled to dismissal under Rule 12(b)(6) because Jones's amended complaint contains insufficient facts to support his legal claims. (*Id.*) Jones responded in opposition to the defendants' motion to dismiss, arguing that (1) he has standing to pursue his claims; (2) his official-capacity claims fall within the exception to sovereign immunity articulated by the Supreme Court in *Ex parte Young* for claims seeking prospective relief from officials' ongoing violations of federal law; (3) the

defendants are not entitled to legislative or qualified immunity from Jones's individual-capacity claims; and (4) his amended complaint adequately alleges violations of his rights to free speech, due process, and equal protection. The defendants filed a reply in support of their motion to dismiss (Doc. No. 43), and the Court denied Jones's motion for leave to file a sur-reply (Doc. Nos. 44, 46). The defendants' motion to dismiss remains pending.

On July 2, 2024, Jones filed a motion for leave to file a supplemental and amended complaint under Rule 15(d). (Doc. No. 47.) Jones attached a proposed supplemental and amended complaint (Doc. No. 47-1) that adds factual allegations about the defendants' conduct during the 2024 legislative session. Jones argues that these supplemental allegations are "necessary" to "provide further support for [his] causes of action, in particular to show the continuing and ongoing nature of the violations of [his] constitutional rights by Defendant Sexton and others." (Doc. No. 48, PageID# 399–400.) The defendants oppose Jones's motion, arguing that the motion is procedurally improper to the extent it seeks to amend rather than supplement the operative pleading and that supplementation would be futile, prejudicial to the defendants, and contrary to judicial economy. (Doc. No. 49.) In the alternative, the defendants ask the Court to defer ruling on Jones's motion until after the Court resolves the pending motion to dismiss. (*Id.*) Jones filed a reply arguing that his motion is procedurally proper and not futile, prejudicial, or offensive to judicial economy. (Doc. No. 50.) He further argues that there is no basis for the Court to defer ruling on his motion. (*Id.*)

II.     **Legal Standard**

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) gives district courts "broad discretion in allowing a supplemental

pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. Courts in this circuit consider the following factors when determining whether to grant leave to supplement a complaint:

> (1) The relatedness of the original and supplemental complaints; (2) Whether allowing supplementation would serve the interests of judicial economy; (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) Whether amendment would impose undue prejudice upon the opposing party; (5) Whether amendment would be futile; (6) Whether final judgment had been rendered; (7) Whether the district court retains jurisdiction over the case; (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.

*Ne. Ohio Coal. for the Homeless v. Husted*, Case No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015), *aff'd*, 837 F.3d 612 (6th Cir. 2016); *see also Dalton v. Tennessee*, No. 2:24-CV-00007, 2024 WL 1159869, at *2 (M.D. Tenn. Mar. 18, 2024) (quoting *id.*).

A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (holding that "the same standard of review and rationale apply" to motions to supplement under Rule 15(d) and motions to amend under Rule 15(a)). Rule 15's general direction to grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), applies to motions to supplement under Rule 15(d). *Ne. Ohio Coal. for the Homeless*, 2015 WL 13034990, at *6. The Sixth Circuit reviews denials of Rule 15(d) motions to supplement for abuse of discretion. *See Spies*, 48 F. App'x at 527 (citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959)).

**III.     Analysis**

There is no dispute that Jones only proposes to add allegations about events that took place after he filed the current operative pleading (Doc. No. 26). Jones therefore properly styled his

motion as arising under Rule 15(d), which allows courts to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[1] Fed. R. Civ. P. 15(d). The defendants argue that Jones's proposed supplemental and amended complaint is futile because "this Court cannot entertain any of [Jones's] claims" for the reasons "explained in [the defendants'] motion to dismiss," *i.e.*, that Jones lacks standing; that the defendants are entitled to sovereign immunity, legislative immunity, and qualified immunity; and that Jones's claims fail on the merits. (Doc. No. 49, PageID# 413.)

Courts in this circuit recognize that, because futility arguments in the context of Rule 15 motions are functionally dispositive, "they present something of a 'conceptual difficulty' when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Burusa v. Wilson*, Case No. 3:24-cv-00320, 2024 WL 3166907, at *2 (M.D. Tenn. June 25, 2024) (quoting *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is especially true where, as here, the litigants have raised the same legal issues in a dispositive motion concurrently pending before the District Judge. *Burusa*, 2024 WL 3166907, at *2. In support of their motion to dismiss, the defendants argue, among other things, that the *Ex parte Young* exception to sovereign immunity does not apply to Jones's claims because

---

[1] The defendants argue that, unlike an amended pleading under Rule 15(a), a supplemental pleading under Rule 15(d) can never moot a pending motion to dismiss. (Doc. No. 49.) But a supplemental complaint may moot a motion to dismiss if "the supplemental complaint addresses a threshold issue, [like] ripeness" that "is essential to determining whether a federal court has subject matter jurisdiction to even consider the claims." *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009). Here, the question of whether Jones's proposed supplemental and amended complaint moots the defendants' motion to dismiss the operative amended complaint is reserved for the District Judge before whom the motion to dismiss is pending.

5

Case 3:23-cv-01033   Document 51   Filed 10/30/24   Page 5 of 8 PageID #: 434

the amended complaint "does not identify any ongoing violation of federal law by Defendants." (Doc. No. 36-1, PageID# 222.) Jones's proposed supplemental and amended complaint adds allegations about the defendants' alleged ongoing illegal conduct. In these circumstances, at least where the proposed supplemental allegations are "arguably sufficient, it is usually a sound exercise of discretion to permit the [allegations] to be pleaded and to allow the[ir] merits . . . to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

The defendants further argue that "supplementation would be prejudicial" because Jones's "new factual allegations would presumably require more briefing . . . on the pending motion to dismiss" which "would increase the already substantial amount of time and resources Defendants have spent on that motion[.]" (Doc. No. 49, PageID# 413.) This argument is unpersuasive. First, the defendants' assertion that significant additional briefing to address Jones's new allegations would be required to resolve the motion to dismiss if his motion to supplement is granted undermines their position that the new allegations are futile for reasons they have already argued. Second, the defendants have not identified any authority to support a finding that the possibility of re-briefing a motion to dismiss constitutes undue prejudice in the context of Rule 15 under the circumstances presented here. This action is still in the early stages of litigation and discovery has not yet commenced. Jones's proposed supplemental and amended complaint does not add any new claims or parties. The Court thus finds that allowing Jones to file his proposed supplemental and amended pleading at this juncture will not require the defendants "to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute[.]" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

The defendants argue that "supplementation would disserve the interest of judicial economy" because, as "explained in their motion to dismiss, this lawsuit is nothing more than an

improper attempt to have the Court 'micromanage the Tennessee House'" and allowing supplementation after the conclusion of each year-long legislative session "would open the door to an endless sequence of motions to supplement as new legislative sessions occur." (Doc. No. 49, PageID# 414 (quoting Doc. No. 36-1, PageID# 213).) This argument presumes a favorable determination of the merits of the defendants' dismissal arguments on which the District Judge has not yet ruled. It also misconstrues the purpose of Rule 15(d) to serve the interests of judicial economy. Contrary to the defendants' position, "the usual effect of denying leave to file a supplemental pleading . . . is to force plaintiff to institute another action and move for consolidation under Rule 42(a) in order to litigate both claims in the same suit, a wasteful and inefficient result." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1506 (3d ed. suppl. June 2024); *see also Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360 (D.N.J. 2000) ("Rule 15(d) serves judicial economy, avoids multiplicity of litigation, and promotes 'as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'" (quoting *Glenside W. Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1118, 1134 (D.N.J. 1991))).

Finally, the Court declines the defendants' invitation to defer ruling on Jones's motion for leave to file his supplemental and amended complaint until after the District Judge resolves the defendants' motion to dismiss the amended complaint. The defendants have not shown that they will be unduly prejudiced by allowing the supplemental pleading, and the Court finds that there are no other persuasive reasons to deny leave to amend under Rule 15(d). Instead, allowing the defendants' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent determinations of issues raised in different procedural postures.

## IV. Conclusion

For these reasons, Jones's motion for leave to file an amended and supplemental complaint (Doc. No. 47) is GRANTED. The Clerk of Court is DIRECTED to enter the supplemental and amended complaint (Doc. No. 47-1) as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge