UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity, <br><br> *Plaintiff*, <br><br> v. <br><br> REPRESENTATIVE CAMERON SEXTON, in his individual capacity and in his official capacity as the Speaker of the Tennessee House of Representatives; TAMMY LETZLER, in her individual capacity and in her official capacity as the Chief Clerk for the Tennessee House of Representatives; BOBBY TROTTER, in his individual capacity and in his official capacity as the Chief Sergeant-at-Arms for the Tennessee House of Representatives; and DANIEL HICKS, in his individual capacity and in his official capacity as the Assistant Chief Clerk and Parliamentarian for the Tennessee House of Representatives, <br><br> *Defendants*. | Case No. 3:23-cv-01033 <br> Hon. Eli J. Richardson <br> Hon. Alistair E. Newbern |

**DEFENDANTS' MOTION TO DISMISS SUPPLEMENTAL AND AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendants respectfully move to dismiss Plaintiff's Supplemental and Amended Complaint. As set forth below and discussed more fully in the accompanying Memorandum of Law, the Court lacks subject-matter jurisdiction, and Plaintiff fails to state a claim for which relief can be granted. The Supplemental and Amended Complaint should be dismissed in its entirety with prejudice for the following reasons:

1. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

    a. Plaintiff lacks standing because his alleged injuries are not traceable to any Defendant or redressable by a judgment against any Defendant. Plaintiff's claims challenging the

House Rules for the 113th General Assembly (the "House Rules") are moot because the 113th General Assembly has adjourned, and to the extent they are not moot, Plaintiff's allegation that similar rules may be approved and applied against him in the future is too speculative to establish a live controversy.

    b.    Sovereign immunity bars all claims under the Tennessee Constitution.

    c.    Sovereign immunity bars all federal claims against Defendants in their official capacity, including claims for prospective injunctive relief because Plaintiff cannot invoke *Ex parte Young*'s limited exception to sovereign immunity.

2.    Plaintiff's claims are barred by Defendants' immunity from suit.

    a.    Plaintiff's claims against all Defendants are foreclosed by absolute legislative immunity, which bars both official-capacity and individual-capacity claims against legislators and legislative staff based on legislative activities, including the adoption and enforcement of legislative rules.

    b.    Plaintiff's claims for damages against Defendants in their individual capacity are barred by qualified immunity because no clearly established law put Defendants on notice that their allegedly wrongful conduct violated the Constitution. To the extent Plaintiff seeks prospective injunctive relief against Defendants in their individual capacity, such relief is not available under Section 1983.

3.    Plaintiff fails to state a claim for which relief can be granted.

    a.    Plaintiff's first claim for relief (SAC ¶¶ 124-37) alleging a violation of the First Amendment fails as a matter of law because he has no constitutional right to speak in violation of the House Rules and no constitutional right to sit on any legislative committee.

    b.    Plaintiff's second claim for relief (SAC ¶¶ 138-45) alleging that the House Rules are

unconstitutionally vague fails as a matter of law because the meaning of the challenged provisions is understandable to persons of ordinary intelligence and familiar to members of the Legislature, and the challenged provisions do not facially discriminate against a substantial amount of constitutionally protected speech.

c. Plaintiff's third and fourth claims for relief (SAC ¶¶ 146-82) alleging violations of the Due Process Clause fail as a matter of law because he identifies no protected property interest, and he does not allege that the State failed to provide an adequate means of redress.

d. Plaintiff's fifth claim for relief (SAC ¶¶ 183-92) alleging a violation of the Equal Protection Clause fails as a matter of law because he does not allege that he was treated differently from similarly situated individuals, and he alleges no facts to support a plausible inference of racially discriminatory intent.

e. Plaintiff's sixth claim for relief (SAC ¶¶ 193-201) alleging that he was subjected to a bill of attainder fails as a matter of law because the Tennessee House's authority to discipline and expel its members is a legislative power, granted by the Tennessee Constitution, which does not implicate the Bill of Attainder Clause.

For the above-stated reasons and the reasons stated in the accompanying Memorandum of Law, Plaintiff's complaint should be dismissed with prejudice.

Dated: November 27, 2024

TODD DISHER*
MATTHEW H. FREDERICK*
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
todd@lkcfirm.com
matt@lkcfirm.com

SHANNON GRAMMEL*
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
shannon@lkcfirm.com

* admitted pro hac vice

Respectfully submitted.

JONATHAN SKRMETTI (BPR #031551)
Attorney General and Reporter

/s/ Whitney D. Hermandorfer
WHITNEY D. HERMANDORFER (BPR #041054)
Director of Strategic Litigation
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-3491
whitney.hermandorfer@ag.tn.gov

*Counsel for Defendants Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2024, I filed the foregoing electronically through the Court's CM/ECF System and thereby served the following:

| | |
|---|---|
| David W. Garrison<br>Jerry E. Martin<br>Scott P. Tift<br>Barrett Johnston Martin & Garrison, LLC<br>200 31st Avenue North<br>Nashville, TN 37203<br>615-244-2202<br>Fax: 615-252-3798<br>Email: dgarrison@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>stift@barrettjohnston.com | Whitney D. Hermandorfer<br>Office of the Tennessee Attorney General and Reporter<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 741-3491<br>Email: whitney.hermandorfer@ag.tn.gov |
| C. William Phillips<br>Covington & Burling, LLP<br>The New York Time Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1000<br>Email: cphillips@cov.com | Todd Disher*<br>Matthew H. Frederick*<br>Lehotsky Keller Cohn LLP<br>408 W. 11th Street, 5th Floor<br>Austin, TX 78701<br>(512) 693-8350<br>Email: todd@lkcfirm.com<br>matt@lkcfirm.com |
| R. Gregory Rubio<br>Covington & Burling LLP<br>850 Tenth Street, NW<br>Washington, DC 20001<br>(202) 662-5237<br>Fax: (202) 778-5237<br>Email: grubio@cov.com | Shannon Grammel*<br>Lehotsky Keller Cohn LLP<br>200 Massachusetts Avenue, NW, Suite 700<br>Washington, DC 20001<br>Email: shannon@lkcfirm.com<br><br>* *admitted pro hac vice* |
| ***Counsel for Plaintiff***<br>***Representative Justin Jones*** | ***Counsel for Defendants***<br>***Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*** |

                                                 /s/ *Whitney D. Hermandorfer*
                                                 Whitney D. Hermandorfer