UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REPRESENTATIVE JUSTIN JONES, in his personal capacity,<br><br>    *Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE CAMERON SEXTON, in his individual capacity and in his official capacity as the Speaker of the Tennessee House of Representatives; TAMMY LETZLER, in her individual capacity and in her official capacity as the Chief Clerk for the Tennessee House of Representatives; BOBBY TROTTER, in his individual capacity and in his official capacity as the Chief Sergeant-at-Arms for the Tennessee House of Representatives; and DANIEL HICKS, in his individual capacity and in his official capacity as the Assistant Chief Clerk and Parliamentarian for the Tennessee House of Representatives,<br><br>    *Defendants*. | Case No. 3:23-cv-01033<br>Hon. Eli J. Richardson |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SUPPLEMENTAL AND AMENDED COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................1

ARGUMENT ......................................................................................................................................1

    I.   Plaintiff's Claims Are Barred By Legislative Immunity. ..............................................1

    II.  This Court Lacks Subject-Matter Jurisdiction. ............................................................2

    III. Plaintiff's Claims Are Barred By Qualified Immunity. ...............................................4

    IV. Plaintiff Fails To State A Claim On Which Relief May Be Granted. .........................4

CONCLUSION ...................................................................................................................................5

CERTIFICATE OF SERVICE...........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alia v. Mich. Sup. Ct.*,
   906 F.2d 1100 (6th Cir. 1990) ................................................................................. 2

*Beck v. Hamblen Cnty.*,
   969 F.3d 592 (6th Cir. 2020) ................................................................................... 4

*Bd. of Cnty. Comm'rs v. Umbehr*,
   518 U.S. 668 (1996) ................................................................................................ 2

*Bond v. Floyd*,
   385 U.S. 116 (1966) ................................................................................................ 4

*Brandon v. Holt*,
   469 U.S. 464 (1985) ................................................................................................ 2

*Cushing v. Packard*,
   30 F.4th 27 (1st Cir. 2022) ...................................................................................... 2

*Gamrat v. McBroom*,
   822 F. App'x 331 (6th Cir. 2020) ........................................................................... 2

*Hall v. Tollett*,
   128 F.3d 418 (6th Cir. 1997) ................................................................................... 2

*Idaho v. Coeur d'Alene Tribe*,
   521 U.S. 261 (1997) ................................................................................................ 3

*Kent v. Ohio House of Representatives Democratic Caucus*,
   33 F.4th 359 (6th Cir. 2022) ................................................................................ 1, 2

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ................................................................................................ 2

*Larsen v. Senate of Com. of Pa.*,
   152 F.3d 240 (3d Cir. 1998) ................................................................................. 1, 2

*Leach v. Shelby Cnty. Sheriff*,
   891 F.2d 1241 (6th Cir. 1989) ................................................................................. 2

*Lewis v. Clarke*,
   581 U.S. 155 (2017) ............................................................................................. 2, 4

*Mills v. Alabama*,
    384 U.S. 214 (1966) ............................................................................................................. 4

*Nali v. Ekman*,
    355 F. App'x 909 (6th Cir. 2009) ........................................................................................ 5

*Papasan v. Allain*,
    478 U.S. 265 (1986) ............................................................................................................. 4

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ........................................................................................................... 3, 4

*Scott v. Taylor*,
    405 F.3d 1251 (11th Cir. 2005) .......................................................................................... 2

*State Emps. Bargaining Agent Coal. v. Rowland*,
    494 F.3d 71 (2d Cir. 2007) .................................................................................................. 2

*Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*,
    446 U.S. 719 (1980) ........................................................................................................ 1, 2

*United States v. Johnson*,
    383 U.S. 169 (1966) ............................................................................................................. 1

*White v. City of Norwalk*,
    900 F.2d 1421 (9th Cir. 1990) ............................................................................................ 4

*Whitener v. McWatters*,
    112 F.3d 740 (4th Cir. 1997) .............................................................................................. 2

# INTRODUCTION

In his response, as in his complaint, Plaintiff asserts that the rules don't apply to him. Not the Rules of the Tennessee House. Not even the Constitution. But Defendants have demonstrated that Plaintiff's claims are barred as a matter of law—an effort Plaintiff disparages as an attempt "to silence [his] voice." Resp. at 1. Plaintiff is mistaken. This Court lacks jurisdiction, and Plaintiff's claims fail in any event. His complaint should be dismissed in its entirety with prejudice.

# ARGUMENT

## I. Plaintiff's Claims Are Barred By Legislative Immunity.

Plaintiff does not dispute that legislative immunity protects legislators and legislative aides from suit based on their legislative functions. He argues that no such immunity exists here, however, because (1) legislative immunity applies only to individual-capacity claims, and (2) legislative self-discipline is not a legislative function. Plaintiff is wrong on both counts.

*First*, legislative immunity bars both individual- and official-capacity claims. In *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, the Court held that judges enjoyed legislative immunity from official-capacity claims based on their legislative actions. 446 U.S. 719, 734 (1980). It explained that legislative immunity "d[oes] not distinguish between actions for damages and those for prospective relief." *Id.* at 733. Legislative immunity thus applies to both individual- and official-capacity claims, as actions for damages must be brought as individual-capacity claims, *see* MTD Mem. at 11 n.19, and claims for injunctive relief against legislators for acts undertaken in their "legislative capacit[ies]," *Kent v. Ohio House of Representatives Democratic Caucus*, 33 F.4th 359, 364 (6th Cir. 2022), are "of necessity against [those legislators] in their official capacities," *Larsen v. Senate of Com. of Pa.*, 152 F.3d 240, 254 n.4 (3d Cir. 1998). Any other rule would gut legislative immunity. Suits to *enjoin* a legislative *office* threaten "the independence of the legislature" more than claims seeking money from an individual, *United States v. Johnson*, 383 U.S. 169, 179 (1966), and they entail the same "impermissible questioning"

and "diver[sion of] time and attention away from legislative duties," *Larsen*, 152 F.3d at 254.

*Consumers Union*'s holding remains good law, contrary to Plaintiff's argument. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Plaintiff relies on *Board of County Commissioners v. Umbehr*, 518 U.S. 668 (1996), but that decision did not purport to overrule *Consumers Union*, and it involved claims against municipal (not state) officers.[1] Indeed, a "substantial body of authority … rejects the notion that *Umbehr* overrides *Consumers Union* with respect to official capacity suits against an officer of the State." *Cushing v. Packard*, 30 F.4th 27, 39-40 (1st Cir. 2022) (en banc); *see State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 86 (2d Cir. 2007); *Scott v. Taylor*, 405 F.3d 1251, 1255 n.6 (11th Cir. 2005); *see also* MTD Mem. at 13 n.21. Consistent with those decisions, the Sixth Circuit has held that legislative immunity "applies whether the relief sought is money damages or injunctive relief." *Alia v. Mich. Sup. Ct.*, 906 F.2d 1100, 1102 (6th Cir. 1990). Plaintiff offers no response to these authorities.

*Second*, regulation of legislative debate is a "core legislative act." *Whitener v. McWatters*, 112 F.3d 740, 741 (4th Cir. 1997). Any contrary holding would be an outlier. *See, e.g.*, *Kent*, 33 F.4th at 366; *Gamrat v. McBroom*, 822 F. App'x 331, 333 (6th Cir. 2020), *cert. denied sub nom. Bauer v. McBroom*, 141 S. Ct. 1700 (2021) (mem.); *Whitener*, 112 F.3d at 744. Enforcement of legislative rules is not the type of *external* "enforcement" action the Court distinguished in *Consumers Union*. 446 U.S. at 736 (determining that "judicial immunity" did not apply to initiation of attorney disciplinary proceedings). Rather, the application of legislative rules to manage legislative debate is plainly "'integral' to legislators' 'deliberative and communicative processes.'" *Kent*, 33 F.4th at 365 (citation omitted).

## II. This Court Lacks Subject-Matter Jurisdiction.

Plaintiff argues that (1) he has standing, and (2) sovereign immunity does not bar his official-

---

[1] Other cases cited by Plaintiff do not even discuss legislative immunity. *See Lewis v. Clarke*, 581 U.S. 155 (2017); *Brandon v. Holt*, 469 U.S. 464 (1985); *Hall v. Tollett*, 128 F.3d 418 (6th Cir. 1997); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989).

capacity claims. Once again, Plaintiff is mistaken.[2]

*First*, Plaintiff's standing argument ignores his allegations. He suggests (at 6) that Speaker Sexton "directly caused" the alleged "violations of his constitutional rights." But Plaintiff alleges that he was expelled by a supermajority vote of the *entire House* and sanctioned under the Special Session Rules and House Rules by a majority vote of the *entire House. See, e.g.*, SAC ¶¶ 2, 15, 50-51, 69, 76, 82, 110, 195. These actions are traceable to the House, not to Speaker Sexton.[3] As for the remaining Defendants, Plaintiff alleges only that Defendant Letzler sent communications about committee assignments, SAC ¶¶ 37-38; that Defendant Hicks recognized out of order rulings ultimately alleged to be made or sustained by others, SAC ¶¶ 81, 93; and that Defendant Trotter "enforced" a decision that is not a basis for any of Plaintiff's claims, SAC ¶ 40. These actions did not cause Plaintiff's alleged injury, and a judgment against Defendants Letzler, Hicks, or Trotter would not redress it.

*Second*, Plaintiff cannot overcome sovereign immunity. He does not dispute that the doctrine bars all official-capacity claims for retrospective relief. MTD Mem. at 12. This forecloses many of his requested remedies—including declaratory judgments as to the lawfulness of past conduct and restoration of rights previously denied. *See* SAC at 59-60 (Prayer for Relief); MTD Mem. at 12. And he cannot invoke *Ex parte Young*'s exception to overcome the bar against his claims for prospective relief, either. Plaintiff nominally sues state officials, but he asks this Court to control the internal operations of a branch of the state legislature. This is "in fact a suit against a State," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984), and Plaintiff cannot change that through the "mechanics of captions and pleading," *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 270 (1997). Plaintiff

---

[2] Plaintiff does not dispute that his state-law claims are barred by sovereign immunity. *See* MTD Mem. at 10. Nor does he dispute that the House Rules are no longer in effect. *See* MTD Mem. at 7. Plaintiff's "expectation that Defendants will continue to violate his constitutional rights in … future legislative sessions" based on other rules, Resp. at 8, is too speculative to state an injury-in-fact.

[3] Plaintiff's complaints about committee assignments, though traceable to Speaker Sexton, are not sufficient to invoke this Court's jurisdiction or state a claim. *See infra* p.5.

3

asks this Court to prevent the Tennessee House, seemingly under any circumstances, from "punishing or in any way preventing Representative Jones in the future from speaking on the floor of the House." SAC at 59 (Prayer for Relief). And, as his filing of the supplemental and amended complaint demonstrates, he expects this Court to monitor and scrutinize legislative proceedings in real time. Such relief would "conflict[] directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst*, 465 U.S. at 106.[4] Thus, even if this case "formally [met] the *Young* requirements," its application would "stretch that case too far and would upset the balance of federal and state interests that it embodies." *Papasan v. Allain*, 478 U.S. 265, 277 (1986).

### III. Plaintiff's Claims Are Barred By Qualified Immunity.

Plaintiff argues that general rights "to speak on political or governmental issues," not to be "stripp[ed]" of benefits "without adequate due process," and not to "be subjected to racial discrimination" are clearly established. Resp. at 15, 18. But it is not enough to frame rights at such "a high level of generality." *Beck v. Hamblen Cnty.*, 969 F.3d 592, 599 (6th Cir. 2020) (citation omitted). Rights must be identified "with a high degree of specificity" and "be particularized to the facts of the case." *Id.* (cleaned up). Plaintiff cites no case establishing an individual legislator's right to speak during legislative proceedings in violation of the rules that apply to every other member.[5]

### IV. Plaintiff Fails To State A Claim On Which Relief May Be Granted.

**First Amendment.** Plaintiff acknowledges that the Legislature is a "unique setting," Resp. at 20 (citation omitted), but he ignores that "[p]rinciples that apply to random discourse may not be transferred without adjustment," *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990). He has

---

[4] *Pennhurst* is not inapt just because it elaborated these basic principles in a distinct factual context. *See* Resp. at 10 n.9. The Supreme Court applies the same principles in "lawsuits against *state and federal* employees," *Lewis*, 581 U.S. at 161 (emphasis added), and looks to federal cases as a guide in assessing state sovereign immunity, *e.g.*, *Pennhurst*, 465 U.S. at 101 n.11.

[5] Neither *Bond v. Floyd*, 385 U.S. 116 (1966) (interview with reporter), nor *Mills v. Alabama*, 384 U.S. 214 (1966) (newspaper editorial), involved a legislator's statements during a legislative session.

no response to the proposition that the First Amendment does not forbid a public body to "limit[] speech to a certain topic." MTD Mem. at 19 (citation omitted). And his allegations show he was disciplined for violating legislative rules, not for the content of his speech. *See* MTD Mem. at 17-18.

**Vagueness.** Plaintiff's response (at 21) discusses both the "New 2024 Rules and 2023 Special Session Rules," but his claim is limited to "[t]he 2024 New Rules," SAC ¶ 141. Plaintiff does not acknowledge that the House Rules use familiar legislative language. MTD Mem. at 20. Nor does he acknowledge that enforcement of the House Rules relies on the whole House. MTD Mem. at 20-21.

**Due Process.** Plaintiff cites no authority giving him "a vested property interest," MTD Mem. at 22 (citation omitted), in legislative service, committee assignments, or health and seniority benefits.[6] And he fails to explain how existing procedures were inadequate—including the right to appeal, which he does not even address. *See* MTD. Mem. at 22-23.

**Equal Protection.** Plaintiff fails to state an equal protection claim because the pleaded facts are not sufficient to show disparate treatment or racially discriminatory intent. Representative Johnson was neither similarly situated—she did not use a bullhorn or shout from the podium—nor treated disparately by Speaker Sexton—he voted to expel her, too. *See* MTD Mem. at 23-24. Plaintiff's remaining allegations fail to state a claim because they do not identify any individual "similarly situated and of a different race" who was treated differently by any Defendant (as opposed to "the House" as a whole). *See* MTD Mem. at 23-25; *see also, e.g.*, *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009).

**Bill of Attainder.** Plaintiff's bill-of-attainder claim should be dismissed, as he makes no effort to defend it. *See* MTD Mem. at 25.

**CONCLUSION**

Plaintiff's complaint should be dismissed in its entirety with prejudice.

---

[6] The existence of such "rights and interests" is a question of law. Plaintiff's erroneous claim that he is entitled to discovery, Resp. at 22, undermines his claim such "rights and interests" were denied.

| | |
|---|---|
| Dated: January 13, 2025 | Respectfully submitted. |
| TODD DISHER* <br> MATTHEW H. FREDERICK* <br> Lehotsky Keller Cohn LLP <br> 408 W. 11th Street, 5th Floor <br> Austin, TX 78701 <br> (512) 693-8350 <br> todd@lkcfirm.com <br> matt@lkcfirm.com <br><br> SHANNON GRAMMEL* <br> Lehotsky Keller Cohn LLP <br> 200 Massachusetts Avenue, NW, Suite 700 <br> Washington, DC 20001 <br> shannon@lkcfirm.com <br><br> * admitted pro hac vice | JONATHAN SKRMETTI (BPR #031551) <br> Attorney General and Reporter <br><br> */s/ Whitney D. Hermandorfer* <br> WHITNEY D. HERMANDORFER (BPR #041054) <br> Director of Strategic Litigation <br> Office of the Tennessee Attorney General and Reporter <br> P.O. Box 20207 <br> Nashville, Tennessee 37202 <br> (615) 741-3491 <br> whitney.hermandorfer@ag.tn.gov <br><br> *Counsel for Defendants Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks* |

6

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January 2025, I filed the foregoing electronically through the Court's CM/ECF System and thereby served the following:

David W. Garrison
Jerry E. Martin
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
(615) 244-2202
Fax: (615) 252-3798
Email: dgarrison@barrettjohnston.com
jmartin@barrettjohnston.com
stift@barrettjohnston.com

C. William Phillips
Covington & Burling, LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
Email: cphillips@cov.com

R. Gregory Rubio
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5237
Fax: (202) 778-5237
Email: grubio@cov.com

*Counsel for Plaintiff*
*Representative Justin Jones*

Whitney D. Hermandorfer
Office of the Tennessee Attorney General and
 Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Email: whitney.hermandorfer@ag.tn.gov

Todd Disher*
Matthew H. Frederick*
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
Email: todd@lkcfirm.com
matt@lkcfirm.com

Shannon Grammel*
Lehotsky Keller Cohn LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Email: shannon@lkcfirm.com

* *admitted pro hac vice*

*Counsel for Defendants*
*Representative Cameron Sexton, Tammy Letzler, Bobby Trotter, and Daniel Hicks*

    */s/ Whitney D. Hermandorfer*
    Whitney D. Hermandorfer